

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-3172
Re: Does the Commissioners' Court
have the legal authority to
place the trust funds in pos-
session of the District Clerk
and the trust funds in pos-
session of the County Clerk in
different depositories?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"Kindly refer to the above article dealing
with a Depository for the Trust Funds of the
County and District Clerks and give me an opin-
ion relative to the following-,

"Does the law hold the Trust Funds of the
County and District Clerks a joint fund and to
be placed in one Depository selected by the Com-
missioners' Court, or does the Commissioners
Court have the option of dividing the funds
and placing in more than one Depository, that is
the County Clerks' funds in one and the District
Clerks' in another Depository'?

"The Commissioners Court has failed for the
past few years to receive any bids from the Banks
or Firms to act as a County Depository, yet the
advertisement for bids is placed as the law
directs, therefore it is divided among thirteen
Banks within the County on the basis of capital

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

stock and surplus, but the Trust Funds of the
County and District Clerk have been considered
as a joint fund and one Bank selected as a De-
pository for same. When the County Deposi-
tories were selected on Feb. 10th. 1941 there
was some contention from the Bankers as to the
division of the Trust Funds on the same basis
as the regular County Funds, so the select-
ing of a depository was postponed for these
special funds until an opinion was received
from your department.

"I have always been of the opinion, as has
the Commissioners' Court, that this special
fund was a joint fund and the Court did not
have any authority for dividing it in any man-
ner, but must place it altogether in one De-
pository. I shall greatly appreciate having
your opinion relative to this at your very
earliest convenience."

Article 2558a, Vernon's Annotated Civil Statutes,
referred to in your letter, reads in part as follows:

"Section 1. The Commissioners Court of
each county is authorized and required at the
February term thereof next following each
general election to receive applications from
any banking corporation, association or in-
dividual banker in such county as may desire
to be selected as a depository for Trust Funds
in possession of the County and District Clerks.
Said applications shall be filed with the
County Clerk on/or before ten o'clock a.m.
on the first day of the term of Court at which
said applications are to be received. Said
application shall be accompanied by a certi-
fied check for not less than one-half of one
per cent of the average daily balances of the
amount of Trust Funds in the possession of the
Clerks during the preceding calendar year which
amount shall be determined by the County
Clerk on/or before ten (10) days before the
applications herein provided for are required
to be filed, and a certified check accompanying

the application as herein provided for in the amount so determined by the County Clerk shall be sufficient compliance with this provision, which certified check shall be a guarantee of the good faith on the part of the applicant, and that if his application is accepted the bond hereinafter provided for will be entered into. Upon the failure of the banking corporation, association or individual banker that may be selected as such depository, to give the bond required by law, the amount of such certified check shall go to the county as liquidated damages, and the county shall select another depository as hereinafter provided. In the event any application shall not be accepted, the certified check accompanying the same shall be returned. The check of the applicant whose application is accepted shall be returned when his bond is filed and approved by the Commissioners Court and not until such bond is filed and approved. It shall not be necessary for the county to advertise or give notice that applications will be received as provided by this Statute.

"Sec. 2. It shall be the duty of the Commissioners Court at ten o'clock a.m. on the first day of each term at which applications are required to be received to enter said applications on the minutes of the Court and to select a depository for the Trust Funds in the possession of County and District Clerks.

"Sec. 3. Within thirty (30) days after the selection of such depository, it shall be the duty of the banking corporation, association, or individual banker so selected to qualify in the same manner as now provided by law for the qualification of county depositories.

"Sec. 4. As soon as said depository has qualified as provided by law and has been approved by the Commissioners Court, said Court shall make and enter an order upon the minutes,

designating such banking corporation, associa-
tion, or individual banker as County Deposi-
tory for Trust Funds until the designation and
qualification of a successor, and thereupon
it shall be the duty of the County and District
Clerks of such county to deposit all Trust
Funds in their possession with said depository
in the manner hereinafter provided; provided
in the event, a new depository has not been
selected and qualified by April 15th succeeding
the term of Court at which a depository is re-
quired to be selected as required by this Act,
then the term of such depository shall end
and all Trust Funds due or on deposit shall
be paid to the Clerk in whose name the account
is carried.

"Sec. 5. If for any reason there shall
be submitted no application by any banking
corporation, association or individual banker
in the county, or in case there shall be no
application for the entire amount of Trust
Funds, or in the event all applications sub-
mitted have been rejected by the Commissioners
Court, or in the event a depository selected
has failed to qualify, or in the event that
the depository shall become insolvent, or in
the event a new depository has been selected on
account of the failure of the regular depository
to execute a new bond as hereinafter provided,
then in either event, the Commissioners Court
shall advertise for applications from any
banking corporation, association, or indivi-
dual banker within the State of Texas, and
may select a depository, which depository
shall qualify in the manner above provided.
Notice of the selection of a depository as
provided by this Act shall be published once
each week for two (2) successive weeks in a
newspaper of general circulation within the
county, if there be such newspaper. If
there is no newspaper published in the county,
then the same shall be posted at the court-
house for said period. In the discretion
of the Commissioners Court said notice may
also be published in any newspaper outside

of the county for the same length of time.

"Sec. 6. It shall be the duty of the depository to provide for the payment at the county seat of the county upon presentment all checks drawn by the County or District Clerk upon the funds deposited in the name of such Clerk as long as such funds shall be in the possession of the depository subject to such checks. For every failure to pay such check at such county seat upon presentment, said depository shall forfeit and pay to the holder of such checks ten per cent (10%) of the amount thereof.

"Sec. 7. If any depository selected by the Commissioners Court be not located at the seat of such county, said depository shall file with the County Clerk of such county, a statement designating the place at said county seat where, and the person, firm or corporation by whom, all the deposits may be received from the Clerks for such depository, and where and by whom in said county seat all checks drawn on such depository will be paid and such depository shall cause every check to be paid upon presentation at the place so designated so long as the said depository has sufficient funds to the credit of such funds applicable to their payment.

". . ."

After carefully considering the provisions of Article 2558a, quoted above, we are of the opinion that the Commissioners' Court is authorized and required to select only one depository for trust funds in possession of the County and District Clerks. Therefore, the question as above stated is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAR 10, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

*Ardell Williams*

By

Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

AW:GO